IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Baumhaft, ) | |
| ) | |
| Appellant, ) | |
| ) | C/A No.  4:06-CV-3617-RBH |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| Stanley H. McGuffin, Chapter 11 Trustee for ) | |
| BHB Enterprises, LLC, ) | |
| ) | |
| Appellee. ) | |
| ) | |

This is a bankruptcy appeal over which this Court has jurisdiction pursuant to 28 U.S.C. § 158. Having carefully considered the briefs, the record, the arguments of counsel, and the applicable law, it is the judgment of this Court that the decision of the Bankruptcy Court should be affirmed.

**FACTUAL AND PROCEDURAL HISTORY**

On March 5, 1997, creditors of BHB Enterprises, LLC ("Debtor") filed an involuntary bankruptcy petition against the Debtor. On May 1, 1997, an Order Adjudicating the Involuntary Petition was entered. On May 22, 1997, the Bankruptcy Court granted the motion of the petitioning creditors and the United States Trustee for an Order Appointing a Chapter 11 trustee. On May 23, 1997, Stanley H. McGuffin was appointed Chapter 11 Trustee for the Debtor's bankruptcy estate.

On July 24, 1997, Trustee filed an adversary proceeding against appellant Michael Baumhaft ("Baumhaft" or "Appellant") and other persons. The Trustee asserted numerous claims against Baumhaft and sought monetary judgment against him for his violation of a contractual agreement to

loan money to the Debtor.  The Trustee also sought to recover significant, unauthorized post-petition transfers made to Baumhaft, and to have Baumhaft's proof of claim reduced and subordinated.

After discovery and a three day trial, the Bankruptcy Court ruled against Baumhaft and in the Trustee's favor.  On October 1, 1998, the Bankruptcy Court entered its Order memorializing its findings ("1998 Order").

The 1998 Order is 42 pages long and contains exhaustive and comprehensive findings and legal analysis.  It contains 2 pages of stipulated facts, and 9 pages of "Additional Findings of Fact," which include "General Findings" applicable to all defendants, and specific findings addressed to each defendant, including the Appellant.  The 1998 Order also contains detailed Conclusions of Law, comprised of rulings on all issues presented at trial.  In its Conclusions of Law, the Bankruptcy Court sets forth the legal authorities supporting its rulings, as well as a further detailed recitation of the evidence supporting the rulings.

The 1998 Order awards the Trustee/the Debtor's Bankruptcy Estate, damages against Baumhaft as follows:

> a) General Damages (6th Cause of Action): $574,223.00;
> b) Special Damages (6th Cause of Action): $33,201.00; and
> c) Improper Post Petition Transfers (15th/16th Cause of Action): $12,000.00.

The 1998 Order also sustains the Trustee's objection to Baumhaft's proof of claim, reduces Baumhaft's claim and equitably subordinates it "in full to all other unsecured claims of the Debtor."

As required by Federal Rule of Civil Procedure 58 and Federal Rule of Bankruptcy Procedure 9021, along with the entry of the 1998 Order, the Bankruptcy Court entered a judgment, "[b]ased upon the Findings of Fact and Conclusions of Law as recited in the attached Order of the Court…."

("1998 Judgment"). The 1998 Judgment recites some terms of the 1998 Order, but does not detail all terms or damages awarded in the 1998 Order.

Baumhaft did not appeal the 1998 Order and Judgment.

The Trustee filed his final report on July 16, 2003. The Bankruptcy Court entered its final decree on September 2, 2003, reserving jurisdiction pursuant to 11 U.S.C. § 1142, and the bankruptcy case was closed.

The Trustee contends that the Trustee was unable to immediately pursue Baumhaft to collect the sums owed to the Estate for several reasons, among them Baumhaft's 1999 conviction for RICO violations and his subsequent incarceration. Additionally, in October, 1999, Baumhaft himself was placed in an involuntary Chapter 7 bankruptcy, and the automatic stay of 11 U.S.C. § 362 prevented the Trustee from pursuing assets. Baumhaft was later denied a discharge by the Michigan Bankruptcy Court.

The Trustee began to investigate the collectability of the debt owed by Baumhaft and determined that the debt was likely collectable. He attempted to enforce the judgment in the Eastern District of Michigan, where Baumhaft resides. At this time, the Trustee first discovered that the 1998 Judgment was inconsistent with the 1998 Order by virtue of the error appearing on page 2 of the 1998 Judgment, the effect of which was to provide that the Trustee was entitled to a judgment against Baumhaft for $303,712.00, instead of the $607,424.00 awarded in the 1998 Order.

On August 29, 2006, the Trustee filed a motion with the Bankruptcy Court pursuant to Rule 60(a) and asked that the Bankruptcy Court correct the alleged clerical error and inconsistency in the 1998 Judgment and conform it to the explicit terms of the 1998 Order ("Trustee's Motion"). Baumhaft filed a late objection to the Trustee's Motion. A hearing was held, at which the

3

Bankruptcy Court listened to arguments of counsel. No evidence was proffered or admitted, nor any testimony taken. After the hearing, the Bankruptcy Court granted the Trustee's Motion, and entered an order correcting the error in the 1998 Judgment ("2006 Order"). Baumhaft's appeal from the 2006 Order and Amended Judgment are now before this Court for review.

## STANDARD OF REVIEW

The United States District Court refers matters arising under Title 11 of the United States Code to the Bankruptcy Court pursuant to 28 U.S.C. §157. Local Rule 83.IX.01, *et seq.*, D.S.C. Final orders of the Bankruptcy Court are appealable to the District Court. 28 U.S.C. §158. The Bankruptcy Court's findings of fact are reviewed under a "clearly erroneous" standard. Its conclusions of law are subject to *de novo* review. *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999). The Bankruptcy Court's exercise of its discretion is reviewed for abuse. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324 (4th Cir. 1984).

## ISSUES ON APPEAL

1. Whether the Bankruptcy Court properly construed the error in its prior order as a clerical error which could be corrected at any time under Fed. R. Civ. P. 60(a) instead of treating it under Fed. R. Civ. P. 59(e), which has a ten day time limit, or under Fed. R. Civ. P. 60(b), which has a one year or reasonable time limit depending on which subsection is applied.

2. Whether the Bankruptcy Court properly corrected the Judgment without reopening the adversary proceeding or main bankruptcy case.

3. Whether the Trustee's motion was barred by the equitable doctrine of laches.

# DISCUSSION

A.  **Appellate Issue Raised at Oral Argument**.  Baumhaft raised for the first time at oral argument the issue of an alleged "substantive change" in the Amended Judgment ("2006 Judgment").  Specifically, Appellant argued that the sentence in the Amended Judgment, "[T]he Court finds that Trustee is entitled to judgment in the amount necessary to pay all **secured**, administrative and unsecured claims in full, $607,424.00," (emphasis added) was evidence that the Bankruptcy Court had not merely corrected a clerical error, but had considered additional evidence and rendered a new opinion, leading to the necessary conclusion that the Bankruptcy Court had afforded the Trustee additional, "substantive" relief.  Appellant argued that, because of this "substantive" change, Rule 59 and Rule 60(b) applied rather than Rule 60(a), and the Bankruptcy Court should be reversed. In addressing this argument, the Court first notes that nowhere in the briefs presented to the Court, did Appellant raise any complaints regarding the Bankruptcy Court's inclusion of "secured claim" in the 2006 Judgment.  In fact, this line of argument was raised for the first time in oral argument.  This issue does not appear to have been preserved on appeal.  *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 283 (4th Cir. 2006); *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222 (4th Cir. 1998).  However, even if this issue was properly preserved, the Court finds that the addition of the term "secured" to the judgment does not constitute a grant of substantive relief.  The itemization of damages that appears on page 32 of the 1998 Order (which remains unaltered since its entry on September 30, 1998), includes two categories of secured claims: the mortgage lien claim on the property in question, and the secured portion of the mechanic's lien.  The sum of these two categories of secured claims comprises a portion of the $607,424.00 in damages for which Baumhaft is liable under the clear terms of the 1998 Order.  It is important to note that both the 1998 Judgment and the 2006 Amended Judgment were entered

"Based upon the Findings of Fact and Conclusions of Law" set forth in the 1998 Order.  It is the content of the 1998 Order, a final, unappealed order, that governs the terms of any related judgment issued by the Court. The 1998 Order, on the merits and with finality, establishes Baumhaft's liability to the Debtor's estate, and establishes with specificity the dollar amount of that liability.  The 1998 Order  is the law of the case.  *See Ruben v. Harper (*In re *Harper), * 194 B.R. 388 (Bankr. D.S.C. 1996), and cases cited therein.  Any judgment must be read in light of and subject to the terms of the 1998 Order. Neither the 2006 Order nor the 2006 Judgment alter, increase, or change, in any respect, Baumhaft's liability to the Bankruptcy Estate.

  **B.**  **The Merits** - **Rule 60(a).** The unambiguous language of Rule 60(a) provides that the court may, at any time, either on motion of a party or *sua sponte*, correct an error in a judgment (whether the error is clerical, computational, or copying) that causes the judgment to fail to reflect what was intended by the court at the time of trial.  *Turja v. Turja*, 118 F.3d 1006, 1009 (4th Cir. 1998). The rule provides:

> **(a)** Clerical Mistakes.  <u>*Clerical mistakes in judgments*</u>, orders or other parts of the record and errors therein arising from oversight or omission <u>*may be corrected by the court at any time of its own initiative or on motion of any party*</u>, and after such notices, if any, as the court orders.

  Fed. R. Civ. P. 60(a) (emphasis added); Fed. R. Bankr. P. 9024.  The appropriate use of Rule 60(a) was aptly described by a Virginia Bankruptcy Judge as follows:

> 'To err is human.'  Rule 60 seeks to mitigate this human frailty, and thereby promote a more perfect justice.  The errors that Rule 60 permits to be corrected are generally classified as either clerical errors or substantive errors. . . Rule 60(a) is designed to assure that the court's records accurately reflect and effectuate the actual proceedings and decisions of the court and the parties.  An error that merely misstates what was actually done or decided is a clerical error and may generally be corrected pursuant to Rule 60(a). . .

*In re Computer Learning Centers, Inc.*, 268 B.R. 468, 472 (E.D.Va. 2001).

In his brief, Baumhaft argues that the Bankruptcy Court's correction of the 1998 Judgment to conform with the terms of the 1998 Order was substantive, rather than clerical, because the correction involved a change in the dollar amount from an incorrect number to the one ordered by the Bankruptcy Court in the 1998 Order.  Aside from making unsubstantiated and unsupported allegations regarding the alleged impact of the correction on Baumhaft's "financial planning," Baumhaft did not explain why the correction, which required no additional proof or legal reasoning, and which was made after a hearing in which no evidence was taken, was substantive.

It is apparent from the record before the Court that the change made by the Bankruptcy Court to the 1998 Judgment was clerical.  In its detailed General Findings of Fact, its specific findings as to Baumhaft, and its detailed Conclusions of Law (which included an itemization and analysis of the damages awarded the Trustee), it is clear that the Bankruptcy Court unequivocally intended to award damages against Baumhaft in the amount of $607,424.00.  It is equally clear that, the 1998 Judgment was entered, "Based upon the Findings of Fact and Conclusions of Law *as recited in the attached Order of the Court*…." (emphasis added), and that, with the exception of the clerical error appearing on page 2, the 1998 Judgment is in all other respects consistent with the 1998 Order.

Importantly, in the case at bar, the Bankruptcy Judge who issued the Amended Judgment and the Order which authorized it was also the judge who originally heard the case and issued the 1998 Order and Judgment.  In addition, the judge clearly articulates why he amended the 1998 Judgment. *See In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986), *cert. denied,* 481 U.S. 1015 (1987) (judge's later statements regarding his contemporaneous intent in granting original relief, judge's recollections, along with the circumstances, are relevant to Rule 60(a) relief).  The Court finds that the judgment in the case at bar was properly amended since it contained clerical errors inconsistent

7

with the 1998 order, and the same judge, an experienced bankruptcy judge, heard all of the proceedings and made clear that he believed the judgment needed to be amended to conform to his original intent.

### C. Reopening of the Bankruptcy Case

Baumhaft argued in his brief that the Bankruptcy Court committed reversible error when it granted the Trustee's Rule 60(a) motion without first reopening the adversary proceeding. According to Baumhaft, the correction of the clerical error involved an "administration of assets," and 11 U.S.C. § 350 required the Bankruptcy Court to reopen the adversary proceeding before ruling on the Trustee's Motion. This argument lacks merit.

Section 350 of the Bankruptcy Code provides that a bankruptcy case, once closed, "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350 (emphasis added); *see* Fed. R. Bankr. P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Section 350(b) is wholly discretionary. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984). After reviewing the record, the Court finds that the Bankruptcy Court did not abuse its discretion when it declined to reopen the case.

### D. Laches

Baumhaft argues that the equitable doctrine of laches prevented the Bankruptcy Court both from utilizing Rule 60(a) to correct the 1998 Judgment, and from reopening the Bankruptcy Case pursuant to 11 U.S.C. § 350. While Baumhaft is correct that the equitable doctrine of laches is sometimes cited by bankruptcy courts as a basis for denying motions to reopen, *see, e.g., In re Kean*, 207 B.R. 118 (Bankr. D.S.C. 1996), the burden was on Baumhaft to prove his laches claims through a showing of: (a) lack of diligence by the Trustee; and (b) prejudice to himself. *Id.* at 123;

8

In re *Paul*, 194 B.R. 381, 384 (Bankr. D.S.C. 1995); *Mogarevo v. McLucas*, 543 F.2d 1081, 1083 (4th Cir. 1976). The record is devoid of proof by Baumhaft sufficient to sustain a finding of prejudice, and therefore his laches argument fails.

## CONCLUSION

The Bankruptcy Court's use of Rule 60(a) to correct an error in the 1998 Judgment without reopening the bankruptcy case was proper. Accordingly, the Order and Amended Judgment of the Bankruptcy Court are affirmed.

**AND IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
September 21, 2007