IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Baumhaft, ) | |
| ) | |
| Appellant, ) | |
| ) | C/A No. 4:06-CV-3617-RBH |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| Stanley H. McGuffin, Chapter 11 Trustee for ) | |
| BHB Enterprises, LLC, ) | |
| ) | |
| Appellee. ) | |
| ) | |

Before the Court is [23] Motion for Rehearing by the appellant Michael Baumhaft. Appellant moves for a rehearing of this Court's order filed on September 21, 2007 which affirmed the order of the Bankruptcy Court judge. The Court held oral argument on the appeal but finds that oral argument is not necessary to decide the motion for rehearing. *See* Fed. R. Bankr. P. 8012 and Local Rule 7.08.

Fed. R. Bankr. P. 8015 provides that "a motion for rehearing may be filed within 10 days after entry of the judgment of the district court . . ." "The purpose of Rule 8015 is to provide recourse to a party . . after a district court . . . has overlooked or misapprehended some point of law or fact." 10 Collier on Bankr.P. 8015.01 (15th ed. rev. 2004). Although Rule 8015 does not specify the standard for ruling on a petition for rehearing, it appears that most courts have looked by analogy to Fed. R. App. P. 40. *See* 9 Collier on Bankr.P. 8015.04 at 8015-4 (collecting cases). Appellate Rule 40 provides that petitions for rehearing must include points which the court allegedly overlooked or misapprehended. Petitions for rehearing should not simply reargue the plaintiff's case or assert new grounds. *See Sierra*

1

*Club v. Hodel*, 848 F.2d 1068, 1100-01 (10th Cir. 1988).

The Court has reviewed the arguments made in the Petition for Rehearing and finds that no points were misapprehended or overlooked in its prior order. Therefore, the appellant's [23] motion for rehearing is **DENIED**.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
October 22, 2007